NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD SCOTT JR.,** | Civ. No. 2:13-cv-03661 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **CAROLYN W. COLVIN ACTING COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Richard Scott Jr. brings this action seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his Title XVI application for supplemental security income. For the reasons that follow, the Commissioner's decision is **VACATED AND REMANDED** for reconsideration consistent with the Court's opinion.

I.   LEGAL STANDARDS

A. The Five-Step Sequential Analysis

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to

receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B. Standard of Review

For the purpose of this appeal, the Court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the Administrative Law Judge ("ALJ") are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## II.  BACKGROUND

Plaintiff is a fifty-year-old New Jersey resident who seeks a finding of disability due to (1) a back condition; (2) a hernia; and (3) four surgical procedures associated with his hernia. Administrative Transcript ("Tr.") 57. He has a high school education, speaks English, and has past relevant experience as a custodian and housekeeper. Tr. 62.

On March 13, 2008, Plaintiff filed a Title XVI application for Social Security Income ("SSI"). Tr. 200. Plaintiff's application alleged that a hernia and a back condition have rendered him disabled since May 18, 2007. Tr. 233. The Social Security Administration denied the SSI application initially and upon reconsideration. Tr. 90-91; 109-116. After Plaintiff requested a hearing on his application for benefits, the case was assigned to Administration Law Judge ("ALJ") Richard West. Tr. 117-19; 68-69.

After holding a hearing in 2010, the ALJ issued a decision finding that Plaintiff was not disabled for the purposes of receiving SSI (hereinafter, "the 2010 Decision"). Tr. 92-104. In the 2010 Decision, the ALJ concluded that Plaintiff was not disabled because, subject to certain nonexertional limitations, Plaintiff possessed the RFC to perform light work as defined in the Social Security regulations. Tr. 98-100. The ALJ further concluded that considering Plaintiff's age, education, experience, and RFC, there exists a significant

number of jobs in the national economy that Plaintiff can perform. Tr. 100. After Plaintiff appealed, the Administrative Appeals Council remanded the case because the ALJ failed to take vocational evidence before rendering a decision. Tr. 106. In 2011, the ALJ issued a new decision (hereinafter, "the 2011 Decision"), which again concluded that Plaintiff was not disabled. Tr. 54-63. In 2013, the Appeals Council denied Plaintiff's request for a review of the 2011 Decision. Tr. 43-48. Plaintiff now appeals.

### A. Summary of the Record

The record includes medical records from treating physician Dr. Patrick Beary, reports from Social Security Administration physicians Dr. Toros Shahinian, M.D., Dr. Miriam Rubbani, M.D., and Dr. Justin Fernando, M.D., testimony from vocational expert ("VE") Patricia Sasona, Plaintiff's own testimony, and other medical records.

Dr. Patrick Beary is Plaintiff's treating physician. In 2010, Dr. Beary noted that Plaintiff complained of continued abdominal pain. Tr. 332, 333. That same year, Plaintiff complain of back pain to Dr. Beary. Tr. 334-35. Treatment notes in 2011 continued to indicate that Plaintiff suffered from "severe abdominal pain" especially when lifting or bending. Tr. 331. In March 2011, Dr. Beary filled out a form stating that Plaintiff was unable to return to work at that time due to chronic abdominal pain. Tr. 336.

Social Security Administration physician Miriam Rubbani, M.D., examined Plaintiff in 2009. Dr. Rubbani's report indicates that Plaintiff has had a history of lower back pain for approximately one year. Tr. 291. The report also notes that Plaintiff "does not use a cane or assistive device" and "[d]oes not need assistance with activities of daily living." Tr. 291. After conducting a physical examination of Plaintiff, Dr. Rubbani recorded that Plaintiff demonstrated some discomfort with standing; could transfer to and from the examination table and remove his clothing without assistance; had full shoulder, elbow, and wrist ranging; had full sensory and reflex abilities; and had full, albeit painful, hip ranging. The report further noted that "Plaintiff's [l]umber spine ranging is limited and he has severe pain in his back when he flexes to the limit of 60 degrees"; "he squats less than half-way down"; and "[l]ateral spine ranging is also limited." Dr. Rubbani also reported that Plaintiff walked at a reasonable pace with a normal gait. Tr. 291. With respect to Plaintiff's limitations, the report concluded that Plaintiff has "pain ranging in his hips," "limitation in lumbar spine ranging with lumbar spasm," and "limitations in squatting." Tr. 292.

Dr. Toro Shahinian, M.D., a State agency medical consultant, also completed a report for the purpose of assessing Plaintiff's RFC. Before rendering his report, Dr. Shahinian examined Plaintiff's diagnostic results and medical records. Tr. 299-300. The report concluded that Plaintiff was capable of the following: (1) occasionally lifting 20 pounds; (2) frequently lifting 10 pounds; (3) pushing and pulling that amount of weight without limitation; and (4) standing, walking and/or sitting for about 6 hours in an 8-hour work day. Tr. 299.

3

At the request of the Social Security Administration, Dr. Justin Fernando performed an orthopedic examination of Plaintiff. The examination report noted that Plaintiff had a normal gait and was able to walk without any difficulty. Tr. 342. A cervical spine examination revealed that Plaintiff had a full range of motion. It further noted that Plaintiff had "no tenderness in the spine." Lateral extension was normal; however, flexion and extension at the lower spine was limited to 80 degrees. Additionally, Dr. Fernando found that Plaintiff's squat was incomplete, at around 50% full. *Id.* After recording these results, Dr. Fernando concluded that Plaintiff's lower back pain could be due to some arthritic changes in the spine. Nonetheless, the report concluded that there was no evidence of chronic degenerative disk disease or disk herniation. It further concluded that the examination revealed no evidence of an abnormality consistent with Plaintiff's claims of abdominal pain. Tr. 343.

In addition to the reports of various physicians, Plaintiff also provided information regarding his ailments. At the 2010 hearing, he testified that his hernia has prevented him from sitting for long periods of time, lifting objects, and walking without pain. Tr. 75. He further testified that the pain in his back prevents him from picking up even light objects and sitting for more than 10 minutes. Tr. 79-80. In an activities of daily living questionnaire, Plaintiff reported that he was able to go for daily walks, groom himself, use public transportation, attend church, and socialize. Tr. 239-46.

The record also includes diagnostic testing results. An x-ray of the cervical spine showed a narrowing of certain disc spaces, but no fracture. Tr. 295. Additionally, an MRI taken in 2008 revealed an annular bulge at the L2-3 and L3-4 levels. It also showed a herniated disc at the L3-4 level that contacts the nerve root, along with a herniated disc that "nearly contacts" the nerve root. Tr. 286.

Finally, VE Patricia Sasona concluded that someone of Plaintiff's RFC (as concluded by the ALJ), age, education, and work experience has the ability to work as a cashier, ticket seller, and mailroom clerk.

### B. The ALJ's Decision

At step one, the ALJ found that Plaintiff did not engage in substantial activity during the relevant time period. Tr. 57. At step two, the ALJ concluded that Plaintiff had the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) gastroesophageal reflex disease; and (3) a history of hiatal hernia impair. Tr. 57. At step three, the ALJ concluded that Plaintiff's impairments do not meet nor were equivalent to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. Tr. 57.

At step four, the ALJ found that Plaintiff has the RFC to perform light work as defined under the Regulations, *i.e.*, he is able to lift or carry 20 pounds at a time or 10 pounds frequently, perform pushing and pulling within that weight restriction, and

stand/walk for a good deal of the workday. Tr. 58. However, the ALJ qualified his RFC determination by finding that Plaintiff cannot climb ladders, ropes, scaffolds, and can only occasionally crawl, stoop, or crouch. Tr. 58. At step five, the ALJ concluded that given Plaintiff's RFC, age, education, and occupational history, he is capable of performing the jobs of cashier, ticket seller, and mailroom clerk. Tr. 63. After determining that a "significant number" of those types of occupations exist in the economy, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act and therefore not entitled to SSI. *Id*.

In finding that Plaintiff was capable of light work, the ALJ considered multiple sources. Tr. 58. First, the ALJ noted that an MRI revealed a history of degenerative disc disease and that Plaintiff complained of lower back pain. Tr. 58. However, the ALJ gave great weight to Dr. Rubbani's report, which stated that Plaintiff walked at a reasonable pace with a normal gait. Tr. 58. The ALJ also noted Dr. Rubbani's observation that Plaintiff had limitations only with respect to squatting. Tr. 59. Additionally, the ALJ premised his decision on the results of the examination performed by Dr. Fernando. Tr. 59. He pointed out that Dr. Fernando found Plaintiff to be in generally good condition, with the exception of decreased range in motion in the lower spine. Tr. 59.

According to the ALJ, the examination results from Dr. Rubbani and Dr. Fernando discredited Plaintiff's claims of intense and persistent pain. The ALJ's decision also noted other evidence that contradicted Plaintiff's subjective complaints. First, the ALJ concluded that the credibility of Plaintiff's statements was undermined by the fact that Plaintiff never received physical therapy or surgical intervention to care for his back; instead he relied solely on anti-inflammatory pain medication and a back brace. Tr. 59. Second, the ALJ found that Plaintiff's self-reported activities of daily living – which included going to the store, using public transportation, and attending church – further undermined Plaintiff's subjective complaints. Tr. 59. Finally, the ALJ noted that Plaintiff's initial stated reason for not working was that no more work was available. Tr. 59.

The ALJ also afforded no weight to the opinion of treating physician Dr. Beary, who concluded that Plaintiff was unable to return to work. Tr. 60. The ALJ rejected Dr. Beary's opinion because it was stated in conclusory terms, unsupported by any objective evidence, and entirely inconsistent with the other medical evidence on the record. Tr. 60.

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 62. The ALJ reached this conclusion after receiving testimony from the VE. Finding that there existed a significant number of jobs that Plaintiff can perform, the ALJ concluded that Plaintiff was not disabled. Tr. 63.

## III.     DISCUSSION

Plaintiff's challenge to the ALJ's decision is premised on the following arguments: (1) the ALJ failed to properly account for Plaintiff's limitations in squatting; (2) the ALJ improperly rejected the treating physician's medical opinion; and (3) the ALJ improperly discredited Plaintiff's subjective complaints of pain.  The Court will address these arguments in turn:

### A. Failure to Account for Plaintiff's Limitations in Squatting

Plaintiff argues that the ALJ failed to account for Plaintiff's limitations in squatting.  The Court agrees with Plaintiff and concludes that the ALJ's oversight produced errors at steps 4 and 5 of his disability analysis.

At step 4, the Commissioner is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1567(c).  The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments."  *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999); *see, also* 20 C.F.R. §404.1545(a).  When determining RFC, the ALJ must use all relevant evidence in the case record.  *See, e.g., Burns v. Barnhart*, 312 F.3d 113, 129 (3d. Cir. 2002); *see, also*, 20 C.F.R. § 404.1545(a).  When determining Plaintiff's RFC, the ALJ in this case assigned "great weight" to the reports of Dr. Rubbani and Dr. Fernando. Both reports explicitly noted that Plaintiff's lower back impairments prevented him from squatting fully.  Specifically, Dr. Rubbani reported that Plaintiff "squats less than half-way down" and that he possesses "limitations in squatting."  Tr. 292.  Dr. Fernando recorded that Plaintiff's "[s]quat was incomplete[,] around 50% full."  Tr. 342.  Not only did the ALJ assign great weight to those opinions in his decision, he also explicitly noted that Plaintiff had limitations in squatting.  Tr. 60.

Notwithstanding the above, the ALJ assigned an RFC to Plaintiff that is inconsistent with the medical records concerning Plaintiff's ability to squat.  The assigned RFC states that Plaintiff has "the capacity to perform light work…except that he cannot climb ladder/ropes/scaffolds; he can occasionally crawl, stoop and crouch; and he must avoid concentrated exposure to hazards."  Tr. 58.  The RFC does not, however, account for the fact that Plaintiff is unable to fully squat.[1]  And even if the ability to "occasionally crawl, stoop and crouch" could be read to also encompass an ability to occasionally squat, the RFC still would not be supported by substantial evidence.  This is because Dr. Fernando and Dr. Rubbani did not conclude that Plaintiff was limited in the frequency with which he could squat; instead they concluded that Plaintiff was incapable of fully squatting, period.

---

[1] Oddly, the medical examination reports of record say little of Plaintiff's ability to climb, which is the only physical activity the ALJ found Plaintiff to be categorically incapable of undertaking.

In other words, substantial evidence does not support a conclusion that Plaintiff is able to fully squat on an occasional basis.

This shortcoming in the ALJ's analysis also taints his determination at step 5. When determining whether there are jobs that exist in significant numbers in the national economy in light of Plaintiff's age, education, work experience and RFC, the ALJ posed hypotheticals to the VE. The Third Circuit has stated "in the clearest terms" that an ALJ's hypothetical to a VE "must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)). Moreover, "great specificity is required when an ALJ incorporates a claimant's mental or physical limitations into a hypothetical." *Id*. at 554-55 (internal citations omitted). The ALJ's hypothetical to the VE in this case said nothing of Plaintiff's inability to fully squat:

> **ALJ:** Ms. Shoshana [sic], I'm going to ask you to assume an individual under 50 years of age…high school education, has prior relevant work as a custodian and housekeeper…is limited to light exertionally [sic] duty, the individual cannot climb ladders, ropes or scaffolds, can perform occasional crawling, and must avoid concentrated exposure to hazards….[D]o you have any opinion with regard to that profile whether there does or does not exist jobs in the regional and national economy if someone is so limited?

Tr. 31. It is therefore evident that the ALJ's hypothetical failed to reflect all of Plaintiff's impairments that are supported by the record. Defendant contends that this omission in the hypothetical is immaterial because the ALJ was required to include only Plaintiff's credibly established limitations, not every limitation Plaintiff alleged. But as explained above, Plaintiff's limitations in squatting was confirmed in the reports of Dr. Fernando and Dr. Rubbani. Moreover, the ALJ assigned great weight to those reports and explicitly acknowledged that Plaintiff had limitations in squatting. Such limitations, therefore, are credibly established and should have been included in the hypothetical to the VE. Accordingly, the decision must be vacated and remanded.

### B. Plaintiff's Other Arguments

While the Court concludes that the ALJ's decision failed to appropriately account for Plaintiff's limitations in squatting, it finds Plaintiff's other objections to the decision to be without merit.

First, Plaintiff argues that the ALJ erred by according no weight to the opinion of Plaintiff's treating physician, Dr. Beary. In his report, Dr. Beary concluded that Plaintiff could not return to work because of chronic abdominal pain. Tr. 336. A treating source's opinion on the issues of the nature and severity of an individual's impairment must be given controlling weight if the opinion is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2); Social Security Ruling (SSR) 96-2p; *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001). Moreover, "[a] treating source's medical opinion will not be entitled to controlling weight if substantial nonmedical evidence shows that the individual's actual activities are greater than those provided in the treating source's opinion." SSR 96-2. Here, Dr. Beary's conclusory assertion regarding Plaintiff's abdominal pain is inconsistent with other substantial evidence and thus not entitled to controlling weight. For example, Dr. Fernando reported that there was no evidence supporting Plaintiff's claims of pain in the abdominal wall. Tr. 343. Moreover, the ALJ noted that Plaintiff only received medication for his abdominal pain, and had not required surgery since the 1990's. Tr. 60. The ALJ's decision to overrule the opinion of Dr. Beary is therefore supported by substantial evidence.

Second, the Court concludes that substantial evidence supports the ALJ's decision to discredit Plaintiff's subjective allegations of debilitating pain. While a plaintiff's testimony of subjective pain and inability to perform even light work is normally entitled to great weight, an ALJ may reject those claims if he or she explains why they are inconsistent with the medical evidence of record. *See, e.g., Harkins v. Commissioner of Social Security*, 399 Fed.Appx. 731, 735 (3d Cir. 2010) (citing *Matullo v. Bowen*, 926 F.2d 240, 245 (3d Cir. 1990)). Moreover, an ALJ may take into account a plaintiff's ability to engage in daily activities when determining whether the plaintiff's testimony is credible. *See Hartranft v. Apfel*, 181 F.3d 358, 361-62 (3d Cir. 1999). Here, the ALJ noted that Plaintiff's subjective testimony of disabling pain was contradicted by various medical records. For example, the ALJ noted that Dr. Rubbani's examination revealed that Plaintiff generally had a full range of motion, with the exception of limitations in squatting. Tr. 60. Plaintiff's medical history also revealed that his back ailments have never required surgical intervention, and his last hernia surgery was in the 1990's. Moreover, the ALJ noted that Plaintiff himself reported the ability to engage in a number of daily activities, including going for walks, using public transportation, and attending church. *Id*. Consequently, the Court concludes that substantial evidence supports the ALJ's decision to discredit Plaintiff's subjective allegations of debilitating pain.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **VACATED AND REMANDED** for reconsideration consistent with this opinion. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 26, 2015**